UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JUDITH L. HART,

          Plaintiff,                             Case No. 1:05-CV-450

v.                                        Hon. Richard Alan Enslen

COMMISSIONER OF SOCIAL
SECURITY,

                                            **JUDGMENT**

          Defendant.

_____/

       This matter is before the Court on the Objection of Defendant Commissioner of Social

Security to the Report and Recommendation of United States Magistrate Judge Ellen S. Carmody

dated June 5, 2006, which determined that this matter should be remanded pursuant to sentence four

of 42 U.S.C. § 405(g) for further factual findings.  The Court reviews the decisions of the

Commissioner under section 405(g) to determine whether those determinations are supported by

"substantial evidence" and otherwise properly based on the controlling legal standards.  *Brainard*

*v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

       There are many descriptions for the administrative records made by the various departments

of government to support their claim determinations.  In this case, the best description of the record

is a muddle–and a rather cloudy muddle at that.  The Disability Report–Adult Form referenced only

a single past job position of the Claimant as her "past relevant work"–an assembly position.

(Administrative Record ("A.R.") 91.)  Somehow, though, the vocational expert knew to inquire

about a work history of other jobs at the same employer–the jobs of sewing machine operator and

quality operator/inspector. (A.R. 355.)  The Vocational Expert indicated that she learned of the latter

positions from a review of "the file" (*id.*)–though the record, apart from the hearing transcript, does

not contain any documentary reference to those positions, which strongly suggests that she relied upon document review outside of the official record.[1]  There also was another regrettable mistake in the compilation of the record in that the Claimant testified that some of the documents used at the hearing referred to a different Judith Hart with a separate medical and work history.  (*Id.* at 333-34.)

This Claimant's testimony did establish that she performed the sewing machine operator position as part of her past relevant work.  (*See* A.R. 350)  She provided less information as to the quality operator position.  (*Id.* at 355-56.)  However, it is specified that some of Claimant's work in the auto industry was in sporadic work assignments (because she could not hold a union seniority job for more than 30 days), *id* at 332, 339-41, and this included the quality operator position, *id.* at 359.  Plaintiff did not receive training in connection with the quality operator position.  (*Id.* at 355.) The position was apparently afforded as a workplace accommodation and not with the expectation of a continuing assignment.  (*See id.* at 341, 351-52.)  During this stage of her work, she also often took sick leave due to her medical condition.  (*Id.*)

Upon review of this record, the Magistrate Judge is correct that the "quality operator position" does not qualify as "past relevant work."  There is not substantial evidence supporting a conclusion that the work was done other than on a "brief" or "episodic" basis.   The governing regulation defining "past relevant work" is 20 C.F.R. § 1565(b)(1).  The term is further defined by Social Security Regulation 82-62, which indicates that "past relevant work" has a duration requirement and this requirement is meant to exclude "brief" and "episodic" work.  Because the record is insufficient to support that this job was other than brief or episodic, the Commissioner's

---

[1]Whether that mistake is best characterized as a record compilation error or an error in reviewing non-record documents is unknown, though either violates 20 C.F.R. § 404.1765(k).

finding that the job constituted "past relevant work" is not supported by substantial evidence and must be reversed.  *See Lashley v. Sec'y of Health & Human Servs.,* 708 F.2d 1048, 1053-55 (6th Cir.1983) (three-day job as stock clerk was not past relevant work); *Robinson v. Sec'y of Health & Human Servs.,* 1988 WL 113296, \*3 (6th Cir. 1988) (two-month employment as a guard was not past relevant work); *Drejka v. Comm'r of Soc. Sec.*, 61 Fed. Appx. 778, 783 (3d Cir. 2003) (three months of unskilled work was not past relevant work); *Hogg v. Shalala*, 45 F.3d 276, 278 (8th Cir. 1995) (brief participation in training program was not past relevant work); *Landes v. Callahan,* 1997 WL 557303, \*2 (D. Kan. 1997) (ten days as a ticket taker was not past relevant work under S.S.R. 82-62, which includes requirement that duration be sufficient to allow the development of "average performance" in the position).  Furthermore, because the Commissioner did not reach the step five inquiry (as to which the Commissioner bears the burden of proof, 20 C.F.R. § 1560(c)), this matter must be remanded pursuant to sentence four of section 405(b) to determine whether Claimant could perform a significant number of jobs in the national economy in light of her residual functional capacity at the time of the expiration of her insured status.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Commissioner of Social Security's Objection (Dkt. No. 12) is **DENIED**, the Report and Recommendation (Dkt. No. 11) is **ADOPTED**, the decision of the Commissioner is **REVERSED**, and this matter is **REMANDED** to the Commissioner for further findings pursuant to sentence four of section 42 U.S.C. § 405(g).

/s/ Richard Alan Enslen

DATED in Kalamazoo, MI:     RICHARD ALAN ENSLEN
    June 30, 2006       SENIOR UNITED STATES DISTRICT JUDGE